UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VICTORIA ALEXANDER, <br><br> Plaintiff, <br><br> v. <br><br> SYNCHRONY BANK d/b/a JCPENNEY CREDIT SERVICES, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:17-cv-00776 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes VICTORIA ALEXANDER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SYNCHRONY BANK d/b/a JCPENNEY CREDIT SERVICES ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 *et seq.*, for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4. Plaintiff is a 32 year-old natural person residing at 513 Rush Street, South Bend, Indiana, which falls within the Northern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant is a financial services company organized under the laws of the United States and maintains its headquarters at 777 Long Ridge Road, Stamford, Connecticut. Defendant regularly conducts business with consumers in Indiana, including Plaintiff.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff obtained a JCPenney store card issued through Defendant, in order to purchase personal goods.

10. After experiencing financial hardship, Plaintiff became late on her payments owed to Defendant, thus incurring debt ("subject debt").

11. During the summer of 2017, Plaintiff began receiving calls to her cellular phone, (574) XXX-0013, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 0013. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant mainly uses the phone number (330) 433-5966 when placing calls to Plaintiff's phone, but upon information and belief, Defendant has used other numbers as well.

14. Upon information and belief, the above referenced phone number ending in 5966 is regularly utilized by Defendant during its debt collection activity.

15. When Plaintiff answers phone calls from Defendant, she experiences a noticeable pause, lasting several seconds in length, before a live representative begins to speak.

16. During calls with Defendant, Plaintiff has informed it of her financial situation and upon Defendant's refusal to understand, Plaintiff has demanded that it stop contacting her.

17. Despite Plaintiff's demands, Defendant has continued to systematically call her cellular phone up until the date of the filing of this action.

18. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being told to stop.

19. For instance, from October 7, 2017 through October 11, 2017, a span of four days, Defendant placed not less than 23 calls to Plaintiff's cellular phone.

20. Plaintiff has received not less than 65 phone calls from Defendant since demanding that it stop calling her.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has spent approximately $59.00 to purchase and maintain an application subscription on her cellular phone to block the calls, resulting in pecuniary loss.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.

27. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

28. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

29. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

30. Defendant used an ATDS in connection with its communications directed towards Plaintiff.  The significant pause, lasting several seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used.  Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

31.  Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.  Any consent that Plaintiff *may* have given was specifically revoked by Plaintiff's demands that it cease contacting her.

32. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

33. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, VICTORIA ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

    d.  Enjoining Defendant to cease contacting Plaintiff; and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

34. Plaintiff repeats and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

36. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations."  I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227."  I.C. 24-5-0.5-3(b)(19).

37. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

38. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

39. Defendant's collection calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

40. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.  Through systematic and frequent collection attempts, Defendant has used an ATDS to relentlessly contact Plaintiff.  Defendant was specifically notified by Plaintiff to stop contacting her but refused to do so.  Any consent Plaintiff may have given to Defendant was explicitly revoked

6

by her demands that Defendant cease contacting her. However, Defendant purposefully ignored Plaintiff's prompts in an abusive attempt to collect payment from her.

41. Through its conduct, Defendant falsely represented that it had the lawful ability to contact Plaintiff through means of an ATDS. Once Plaintiff demanded that it stop calling her, Defendant was obligated under the TCPA to cease its contacts. In defiance of the law, however, Defendant continued its deceptive conduct and has continuously contacted Plaintiff multiple times during the same day. Upon information and belief, Defendant engages in this conduct on a systematic and frequent basis, knowing that consumers are unlikely to be aware of their rights and susceptible to sustained pressure.

42. In violating the TCPA, Defendant also violated one of the specifically enumerated prongs of the IDCSA, I.C. 24-5-0.5-3(b)(19). "In other words, an IDCSA claim may be based on one or more of the acts or representations on the list. A claim may be based only on an enumerated act, and not a representations at all." *Anderson v. O'Leary Paint Co*., 2011 U.S. Dist. LEXIS 110837 at 17.

43. In violating the TCPA, Defendant engaged in illegal behavior during its collection efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

44. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

7

45. Although unsuccessful, Plaintiff made attempts to correct Defendant's deceptive acts by demanding that it cease contacting her. However, Defendant's conduct is an incurable deceptive act of which notice would not remedy. The fact that Defendant was provided with notices to stop calling and refused to abide by said notices, evidenced by calling Plaintiff at least 65 times after she told it to stop, shows that its behavior is incurable and that it has no intention of curbing its behavior.

46. Defendant conducts the above described behavior on a wide and frequent basis. This goes against the state's goal of preventing the phone from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious.

47. In addition to inhibiting Plaintiff's time and energy, as pled in paragraphs 20 through 24, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices, including spending money on the purchase of a blocking application. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, VICTORIA ALEXANDER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 16, 2017                                     Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Indiana | Admitted in the Northern District of Indiana |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |